FILED
 2007 Aug-27  AM 10:17
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN MICHAEL STEWART,** | ) |
| Plaintiff, | ) |
| **vs.** | ) |
| **CC, LLC; CONSOLIDATED CONVERSIONS, LLC; LEGACY GRAND HOLDINGS, LLC; KENNETH W. FRANKLIN, JR.; and RALPH W. KIRKLAND** | )   Civil Action Number  **CV-07-C-1327-S-UWC** |
| Defendants. | ) |

### MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS

Presently before the Court is a Motion to Dismiss, based on lack of *in personam jurisdiction* and improper venue, filed by Defendants CC, LLC; Consolidated Conversions, LLC; Legacy Grand Holdings, LLC; Kenneth W. Franklin, Jr.; and Ralph W. Kirkland ("Defendants").  (Doc. 2.)  For the reasons that follow, the Court concludes that Defendants' Motion to Dismiss is due to be denied; however, the case is due to be transferred to the United States Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a).

## I.  FACTUAL BACKGROUND[1]

The present action was initiated by Plaintiff John Michael Stewart ("Stewart") in the Circuit Court of Jefferson County, Alabama.  Defendants removed the action to this Court based on diversity jurisdiction on July 18, 2007.  The Plaintiff is a citizen of Alabama.  Corporate Defendants are Limited Liability Companies organized under the laws of the State of Florida, with principal places of business in Osceola County, Florida.  Defendant Ralph W. Kirkland resides in Orlando, Florida. Defendant Kenneth W. Franklin resides in Hillsborough County, Florida.

According to the complaint, Plaintiff alleges, *inter alia*, breach of contract, promissory fraud, fraudulent misrepresentation, suppression, and deceit.  These claims arose out of a brokerage contract between the parties, in which Plaintiff was retained to obtain financing for the Holiday Inn Maingate, a condominium development venture of the Defendants in Kissimmee, Florida.  Plaintiff alleges that Defendants agreed to pay Plaintiff a seven and one-half percent (7.5%) stated commission as a fee for his services in obtaining the financing.  Plaintiff further

---

[1]Because both parties relied on documents outside of the complaint, the Court is treating this motion to dismiss as a motion for summary judgment.  On a motion for summary judgment, the facts are construed in the light most favorable to the non-moving party.

alleges that, after negotiations with Defendants which occurred over the phone from Plaintiff's office in Alabama and in person in Florida, Plaintiff obtained financing from the CNL Income Corporation, a Florida Corporation.  Having done so, Plaintiff now alleges that he has never been paid any portion of the amount promised by the Defendants.

A. *In Personam Jurisdiction*

The Eleventh Circuit applies a two-step test in determining whether a district court may exercise personal jurisdiction over a non-resident defendant. First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998).   Second, the court must determine whether the defendant maintains sufficient contacts with the forum state such that exercise of personal jurisdiction over the defendant is consistent with notions of fair play and substantial justice under the Fourteenth Amendment's  Due Process Clause.  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).  Sufficient minimum contacts are those which give the defendant "fair warning" that a particular activity may subject him to the personal jurisdiction of the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Alabama's long-arm statute authorizes Alabama courts to exercise personal

jurisdiction to the fullest extent possible under the Due Process Clause. Ala. R. Civ. P. 4.2 (a).  Where the forum state's long-arm statute authorizes the court to assert personal jurisdiction to the fullest extent possible under the Due Process Clause, the Court need not examine the state statute, for then the only analysis becomes that of whether exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.  *Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

Personal jurisdiction can take the form of general or specific jurisdiction. *See FrancoSteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994).  This Court's exercise of general jurisdiction satisfies due process where the defendant's contacts with the forum state are "continuous and systematic." *Consolidated Dev. Corp. V. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).  Because there is no evidence in the record that Defendants continuously and systematically made contacts in Alabama, this Court does not have general jurisdiction over them. Thus, this Court must determine whether Defendants maintain contacts with the state of Alabama such that exercise of specific jurisdiction over them satisfies due process. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

The Eleventh Circuit has held that the exercise of specific jurisdiction passes constitutional muster where three criteria are satisfied.  First, the

defendant's contacts with the forum state must be related to the cause of action or give rise to it. *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005) (citing *FrancoSteel Corp.,* 19 F.3d at 627). Second, the contacts must involve some act of the defendant by which he purposefully avails himself of the benefits of conducting activities of the forum. *Id*. Third, the defendant's activities must be such that he could reasonably anticipate being haled into court in the forum state such that the exercise of personal jurisdiction does not offend notions of fair play and substantial justice. *Id*.

Applying the first of these criteria, Defendants' contacts with Alabama must be related to Plaintiff's cause of action or give rise to it. Defendants have made contacts with the state of Alabama through their negotiations with Plaintiff and their solicitation of Plaintiff's services. It is undisputed that those contacts are related to their contract with Plaintiff, which is the basis of Plaintiff's claim. Therefore, the first criterion is satisfied.

Second, Defendants' contacts with Alabama must involve some act by Defendant by which it purposefully availed itself of the benefits of conducting activities in Alabama. Defendants rely on *Sea Lift, Inc. V. Refinadora Costarricense de Petroleo, S.A.,* 792 F.2d 989 (11th Cir. 1986) for the proposition that the mere existence of a contract between an Alabama resident and a foreign

defendant does not establish purposeful availment.  In *Sea Lift*, the Eleventh Circuit held that the Defendant's negotiation of a marine salvage contract, the sending of the standard contract form, and the general solicitation of business in the forum state (Florida) did not automatically amount to purposeful availment.  *Sea Lift*, 792 F.2d at 991-92.  Thus, the Eleventh Circuit essentially stated that, where a contract is negotiated within a forum but where the substantive performance of the contract occurs outside the forum, these facts alone will not be deemed as evidencing purposeful availment.  *See Id.*

Defendants argue that their "negotiation of a contract with an Alabama resident does not amount to purposeful availment because the purpose and performance of the contract solely related to a Florida hotel being developed only by Florida citizens."  (Doc. 4, at 7.)  This Court disagrees with Defendants' application of *Sea Lift* to the instant case.  The contract at issue does not relate solely to a Florida hotel.  Instead, the contract relates to services performed by Plaintiff in soliciting financing for the Florida hotel.  Such solicitation was not confined to the boundaries of the state of Florida.  Rather, accepting facts in a light most favorable to the Plaintiff, Plaintiff was paid monies, was asked to make contacts, and did perform other tasks in the State of Alabama of such a nature as to take the case out from under *Sea Lift*.  As such, *Sea Lift* is inapposite and this

Court finds that Defendants have purposefully availed themselves of the benefits of Alabama.

Finally, under the third criterion, Defendants' activities must be such that they could reasonably anticipate being haled into court in Alabama such that the exercise of jurisdiction does not offend notions of fair play and substantial justice. For the same reasons stated above, this Court also finds the third criteria is satisfied. Accordingly, Defendants' Motion to Dismiss for lack of *in personam* jurisdiction is due to be denied.

B. *Venue*

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, because the United States District Court for the Northern District of Alabama encompasses the Circuit Court of Jefferson County, Alabama, venue was properly laid upon initial removal.

However, 28 U.S.C. § 1404(a) provides in relevant part:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) . Thus, in deciding whether to transfer a case based on *forum*

*non conveniens*, the court must engage in 'an individualized case-by-case consideration of convenience and fairness.'" *Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  First, the Court must determine whether the action "might have been brought" in another district. *Dombrowski v. Swiftships*, *Inc.*, 864 F. Supp. 1242, 1244 (S.D. Fla. 1994).  Thus, the Court should consider factors such as: "(1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses; (5) cost of obtaining presence of witnesses; and (6) the public interest." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  Generally, the plaintiff's choice of forum should not be disturbed, unless the choice is clearly outweighed by these other factors.  *Gulf Oil Corp.*, 330 U.S. at 508.

Second, courts balance the interest of justice with the convenience of parties and witnesses.  *Dombrowski*, 864 F. Supp at 1244.  This second factor considers public interests, such as court congestion and local interest in having the matter adjudicated at home.  *See Rappaport v. Steven Speilberg, Inc.*, 16 F. Supp.2d 481, 498 (D.N.J. 1988) (citing *Gulf Oil Corp.*, 330 U.S. at 508-09).  Convenience of witnesses is a pivotal factor in deciding a motion to transfer venue.  *Merritt v. Jay*

*Pontiac-GMC Truck, Inc.*, 952 F. Supp. 754, 756 (M.D. Ala. 1996).

Weighing the *Dombrowski v. Swiftships*, *Inc.*, 864 F. Supp. 1242, 1244 (S.D. Fla. 1994)  factors listed above, this Court finds that this case should be litigated in the Middle District of Florida instead of the Northern District of Alabama.  Although *in personam jurisdiction* exists and venue has been properly laid, the contract at issue is clearly a Florida contract.  The individual defendants reside in the Middle District of Florida and the corporate defendants are organized under the laws of Florida.  Corporate defendants are involved in the management of the Holiday Inn Maingate, which is located in the Middle District of Florida, and which is the putative subject of the contract at issue.  Plaintiff allegedly resides or maintains a residence in Florida and is licensed to do business in Florida. (*See* Doc. 4-2, Kirkland Aff. at 2.)  Moreover, the CNL Income Corporation, from which Plaintiff obtained the financing giving rise to this cause of action, has its principal place of business in the Middle District of Florida.

Thus, the lion's share of witnesses and evidence is located in Florida.  As such, "[f]or the convenience of parties and witnesses, in the interest of justice," this Court should transfer the action to another district "where it might have been brought."  28 U.S.C. § 1404(a).   Clearly, this district is the Middle District of Florida.

## CONCLUSION

By separate order, the Defendants' Motion to Dismiss will be DENIED; however, this case will be TRANSFERRED to the Middle District of Florida, consistent with this opinion.

Done the 27th day of August, 2007.

_____
U.W. Clemon
United States District Judge